# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY AT LOUISVILLE

Case No.:  3:21-CV-95-DJH

### *ELECTRONICALLY FILED*

| | |
|---|---|
| AURORA ENTERPRISES 1, LLC, a Delaware Limited Liability Company, and RITU KAPOOR, Executrix of THE ESTATE OF DR. ROHIT ARORA, <br><br>　　PLAINTIFFS, <br><br>v. <br><br>AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, <br><br>　　DEFENDANT | Removed from the Jefferson Circuit Court, Division Nine (9) <br>CASE NO. 20-CI-006838 |

## DEFENDANT'S NOTICE OF REMOVAL UNDER
## DIVERSITY OF CITIZENSHIP JURISDICTION 28 U.S.C. § 1441

Defendant American Bankers Insurance Company of Florida, by and through its undersigned counsel, hereby gives notice pursuant to 28 U.S.C. § 1441 *et seq.,* of the removal of this action from the Jefferson County Circuit Court, Division Nine (9), bearing Case Number 20-CI-006838, to the United States District Court for the Western District of Kentucky at Louisville based on the following:

1. On or about November 25, 2020, Plaintiffs filed a Complaint against Defendant American Bankers Insurance Company of Florida, in the Jefferson County Circuit Court.

2. Plaintiffs' Complaint did not allege the citizenship of the Plaintiffs or Defendant American Bankers Insurance Company of Florida.

3. Defendant American Bankers Insurance Company of Florida is a Florida corporation with its principal place of business in Florida. ***See Exhibit A.***

4. In Responses to Requests for Admissions filed on or about January 18, 2021, Plaintiffs have admitted that they are not citizens of the state of Florida. *See Exhibit B* at Response to Request for Admission Number 1.

**5.** Plaintiffs' Complaint alleges a single count claim for breach of contract against American Bankers Insurance Company of Florida for alleged wind damage to their property**.** *See Exhibit C***.**

6. Plaintiffs' responses to Requests for Admission admit the amount of damages Plaintiffs are seeking in this matter, exclusive of attorney's fees, interest, and costs, is greater than $75,000 ($75,000.00). *See Exhibit B* at Response to NSIC's Requests for Admission Number 2.

7. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

8. 28 U.S.C. § 1332(c)(1) provides in pertinent part that a corporation shall be deemed a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

9. 28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. Plaintiffs seek damages to their property located in Jefferson County, Kentucky. *See Exhibit C* at ¶ 1.

11. Based on the foregoing, this matter is subject to the original jurisdiction of this Court under 28 U.S.C. § 1332, and this cause may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

12. Plaintiffs' responses to Requests for Admissions constitute an "other paper" supporting jurisdiction under 28 U.S.C. § 1446(b)(3). As stated by the Court in *Griffith v. Wal-Mart Stores E., L.P.,* 884 F. Supp. 2d 1218, 1223-24 (N.D. Ala. 2012):

> The removal procedure statute, 28 U.S.C. § 1446, contemplates two ways that a case may be removed based on diversity jurisdiction. The first way (formerly referred to as "first paragraph removals") involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings. See *28 U.S.C. § 1446(b)(1) (2012).* The second way (formerly referred to as "second paragraph removals") contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is on which is or has become removable." 28 U.S.C. § 1446(b)(3) (2012) (emphasis added). The recently revised version of the removal procedure statute expressly clarifies that **discovery responses**, such as those presented by Wal-Mart in the instant case, **can constitute "other paper" from which diversity jurisdiction can be established**. Id § 1446(c)(3)(A) (2012) ("If the case state by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

(Emphasis added).

13. A complete copy of all process, pleadings, and orders in the Jefferson County Circuit Court, Division Nine (9), in Case No. 20-CI-006838, as required by 28 U.S.C. § 1446(a) is attached hereto as *Exhibit D*, Index of Record.

14. In compliance with 28, U.S.C. § 1446(a), counsel for Defendant has also provided a written Notice of Removal to the Jefferson County Circuit Court, Division Nine (9), a copy of

3

which is attached to this Notice of Removal as *Exhibit E*.

WHEREFORE Defendant American Bankers Insurance Company of Florida respectfully requests that the above-captioned lawsuit be removed to the United States District Court for the Western District of Kentucky at Louisville.

Respectfully submitted,

/s/ Perry A. Adanick
Hon. James P. Nolan, II
Hon. Perry A. Adanick
Rolfes Henry Co., LPA
10200 Forest Green Blvd., Suite 602
Louisville, KY 40223
P: (502) 371-4000
F: (502) 371-4009
jnolan@rolfeshenry.com
padanick@rolfeshenry.com
*Counsel for Defendant, American Bankers Insurance Company of Florida*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and accurate copy of the foregoing was served, via the Court's electronic filing system and/or via first-class mail, and facsimile, this the 15th day of February, 2021, upon the following:

Stewart C. Burch
Logan Burch & Fox
114 West Clinton Street
Frankfort, KY 40601
sburch@lgpllc.com
*Counsel for Plaintiffs*

/s/ Perry A. Adanick
Perry A. Adanick